UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

ERNESTO MENDOZA CONTRERAS,

        Petitioner,               Case No. 1:21-cv-567

v.                                  Honorable Paul L. Maloney

DONALD EMERSON,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. The action was initially filed in the United States District Court for the Eastern District of Michigan. That court transferred the action here because Petitioner is incarcerated in this district at the Federal Bureau of Prisons North Lake Correctional Facility in Baldwin, Michigan. He is serving a sentence of 156 months following his guilty plea to participation in a drug conspiracy.

Petitioner raises the following claim:

I.    The indictment procedure failed to meet the standards of the Federal Rules of Criminal Procedure Rule 6 and the Fifth Amendment in that the superseding indictment brought by the prosecution had not been found by the requisite 12-person jury nor signed with the grand jury foreperson's original wet-ink signature.

(Pet., ECF No. 1, PageID.6.) Although Petitioner suggests the superseding indictment was not presented to the requisite 12-person grand jury, his argument appear to be focused entirely on the absence of the jury foreperson's "original wet-ink signature."

A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28

U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because Petitioner fails to demonstrate entitlement to relief under § 2241, because his claims do not fall within the savings clause of 28 U.S.C. § 2255(e).

## Discussion

### I. Background

On June 3, 2015, the United States Attorney for the Northern District of Oklahoma filed a second superseding indictment against Petitioner and other defendants. *United States v. Contreras et al.*, No. 15-cr-46-JHP (N.D. Okla.) (Doc. No. 76). As Petitioner claims, the document as filed in the district court indicates that the grand jury foreperson signed, but the "wet-ink signature" is not on the document. That was the case when the document was filed on June 3, 2015, when Petitioner acknowledged receipt of the indictment during his arraignment on June 9, 2015, (Doc. No. 87), and when Petitioner entered his guilty plea on July 20, 2015. Nonetheless, Petitioner now claims that he pleaded guilty to a defective indictment—an indictment he was not permitted to see until November 14, 2020. Accordingly, Petitioner contends his plea in invalid and he should not be barred from presenting that claim even though it is late.

Petitioner did not appeal his conviction or sentence. (Pet., ECF No. 1, PageID.2–3.) Nor has Petitioner sought relief by motion under 28 U.S.C. § 2255. (*Id.*, PageID.4.) Indeed, he acknowledges that such a motion is simply too late. (*Id.*)

### II. Analysis

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599–600).

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and

3

Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner's challenge does not rest on a claim of actual innocence. Moreover, Petitioner does not identify any subsequent, retroactive change in statutory interpretation by the Supreme Court that might warrant revisiting his sentence by way of § 2241.

In fact, Petitioner's claim that an indictment must include the grand jury foreperson's "wet-ink signature" appears to be a novel requirement created by Petitioner. Petitioner cites no rule or case authority that imposes such a requirement. This Court has been unable to locate any support for Petitioner's claim, or even a policy justification for it.

Moreover, whatever flaw there may have been in the signature, Petitioner must have been well aware of it when he entered his plea because he expressly acknowledged to the Oklahoma court that he had received the superseding indictment. Thus, certainly, Petitioner's plea would have waived the argument that Petitioner now claims warrants his release.

Petitioner is not entitled to bring a § 2241 challenge to his sentence under the savings clause of § 2255(e). Therefore, the Court does not have subject matter jurisdiction of the petition. *Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice.[1]

Dated: July 15, 2021        /s/ Paul L. Maloney
                            Paul L. Maloney
                            United States District Judge

---

[1] In § 2241 cases, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).